UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAWRENCE DALLAS, #314685, )
    Plaintiff, )
     )   No. 2:17-cv-198
-V- )
     )   HONORABLE PAUL L. MALONEY
DAVID KOSKELA, et al., )
    Defendants. )
     )

## ORDER

This is a civil rights action brought by state prisoner Lawrence Dallas pursuant to 42 U.S.C. § 1983. The matter is now before the Court on Dallas's objections to a Report and Recommendation ("R&R") issued by Magistrate Judge Maarten Vermaat (R&R ECF No. 66; Objections ECF Nos. 67, 68, 69). For the reasons to be stated, the Court will overrule the objections and adopt the R&R as the opinion of the Court.

### Legal Framework

With respect to a dispositive motion, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive,

or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Dallas brings several objections to the R&R, which the Court will address in the order presented. First, he reiterates his claim that Defendants handcuffed him too tightly, but he does not identify any errors in the R&R. To the extent that this is an objection, it is overruled.

Second, Dallas alleges that an unedited video of the incident exists, and that the unedited video will show 1) a 30-second period of Dallas asking Defendants to loosen the handcuffs and Defendants refusing; 2) that his face was the first thing to hit the ground when he was taken down by the Defendants; and 3) that an unnamed correctional officer was taking a separate "hand held video" of the incident, which has yet to be produced. While this information supplements the information provided to Magistrate Judge Vermaat, the Court finds that it is immaterial. Dallas has still failed to explain why he believes the video was edited, and his Rule 56(d) request for production of the alleged unedited video was still untimely and not preceded by a motion to compel evidence while the discovery period was open. The supplemental information provided in his objection does not change the outcome of his Rule 56(d) request, and therefore, the Court finds no error in the R&R on this point.

Third, Dallas lists facts relating to his allegations of intentional infliction of emotional distress (IIED). Again, Dallas does not identify any errors in the R&R's analysis; instead, he recites the facts that he believes support the IIED claim he wishes to belatedly add. To the extent that this is an objection, it is overruled for failure to identify specific errors in the R&R.

Dallas also filed a supplemental objection on June 29, 2020. This objection was filed nearly four months after the R&R was filed, well past the deadline for objecting. Therefore, the Court need not consider the objection. In any event, Dallas objects to the R&R's rejection of his amended complaint and the R&R's conclusion that his October 28 filing was untimely. The Court finds no error in the R&R on these points: the amended complaint was properly rejected, and Dallas's late filing was, in fact, untimely. This objection is overruled.

In conclusion, Dallas has raised no meritorious arguments. All objections will be overruled, and the R&R will be adopted as the opinion of the Court.

## ORDER

**IT IS ORDERED** that the March 4, 2020 R&R (ECF No. 66) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Dallas's Rule 56(d) requests for additional discovery (ECF Nos. 58-1, 59) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 43) is **GRANTED**.

**IT IS FURTHER ORDERED** that Dalla's motion to amend his complaint (ECF No. 60) is **DENIED**.

Judgment to follow.

**IT IS SO ORDERED.**

**Date:**  August 28, 2020                                  /s/ Paul L. Maloney
                                                            Paul L. Maloney
                                                            United States District Judge